**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Janine M. Wallace</u>

    v.                                    Civil No. 09-cv-373-JD

<u>State of New Hampshire</u>

**REPORT AND RECOMMENDATION**

Before the Court is Janine Wallace's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, on behalf of her minor granddaughter, K.A.W. The matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

<u>Standard of Review</u>

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to

construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or

naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Janine Wallace files this action as grandmother and next friend of K.A.W. The action alleges that the State of New Hampshire, by and through the Office of the Attorney General, has failed to follow the law, to the detriment of K.A.W.'s rights.

## Discussion

Parties to a federal lawsuit cannot be represented by anyone other than themselves or a member of the bar. See Day v. Wall, No. CA 08-094 ML, 2008 WL 4773054, *1 (D.R.I. Oct. 30, 2008) (pro se litigants may not appear for others in federal courts and therefore non-attorney plaintiff lacks representative capacity to file motions and other documents on behalf of other plaintiffs) (citing Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982)); see also 28 U.S.C. § 1654 (parties in federal court may only plead and conduct cases personally or by counsel); LR 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf.");

LR 83.6(b) ("<u>Pro</u> <u>se</u> parties must appear personally . . . . A <u>pro</u> <u>se</u> party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf"). Wallace has asserted only rights on behalf of K.A.W. in this action. She has not asserted rights on her own behalf. Because Wallace cannot, as a pro se litigant, maintain this suit on behalf of another person, I recommend that this action be dismissed.

## Conclusion

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ Justo Arenas
Justo Arenas
United States Magistrate Judge

Date:   January 28, 2010

cc:     Janine M. Wallace, pro se

JA:jba